**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2341

ROBERT PLAKA,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General for the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, and Howard,
Circuit Judges.

Glenn L. Formica on brief for petitioner.
Michael Sady, Assistant United States Attorney and Michael
J. Sullivan, United States Attorney, on brief for respondent.

August 24, 2006

**Per Curiam**.  The Board of Immigration Appeals affirmed the denial of Robert Plaka's applications for asylum and withholding of removal and ordered Plaka removed from the United States to Albania.  Plaka petitions for review, arguing that the Board's order is not supported by substantial evidence.

Plaka is an Albanian national.  He was a member of the National Front Party, which supported the democratic movement in Albania against the Communist Party.  In 1991, Plaka helped topple a statue of Albania's communist dictator, Enver Hoxha.  Shortly after the incident, Plaka was arrested and detained for three hours.  During this detention he was hit with a rubber stick.  Upon release, the police instructed Plaka to "stop breaking the law," and two weeks later Plaka received a letter from two unknown individuals urging him to leave his hometown.

In 1994, the Democratic Party (which was in power at the time) organized a rally supporting a proposed constitution.  Plaka spoke at the rally, and three police officers who were present called Plaka "the enemy."  The officers were ejected from the rally and did not harm Plaka.  Later that day, three unknown civilians confronted Plaka about his speech.

The next incident occurred in 1997.  Plaka testified that, while serving as an election observer, he confronted a member of the Socialist Party who was committing vote fraud. Plaka claims that he subsequently was arrested by three masked police officers,

held for three days, and beaten with a rubber stick.  The final incidents took place in 2002: after Plaka gave a television interview accusing the Socialist Party of corruption, several unidentified individuals robbed Plaka's store, and a Socialist Party member beat him up.

After these incidents, Plaka left Albania for Italy.  In November 2002, he traveled to the United States and tried to enter the country using a false Italian passport.  Conceding removability, Plaka applied for asylum and withholding of removal on the basis of political persecution.  At the conclusion of an evidentiary hearing, an immigration judge denied Plaka's applications for relief.

Plaka appealed to the Board, which affirmed the judge's ruling.  The Board found that neither the "sporadic incidents of mistreatment that [Plaka] suffered at the hands of Socialist Party supporters over a period of several years," nor "the degree of harm he experienced while in police custody" rose to the level of persecution.  In addition, the Board discounted Plaka's testimony concerning the robbing of his store because he failed to establish that the incident was politically motivated.  The Board also concluded that Plaka failed to provide objective evidence that he had a well-founded fear of future persecution if he were to return to Albania.

Finally, the Board rejected Plaka's withholding of removal claim because he had not established that it was more likely than not that he would be persecuted if returned to his home country. Plaka timely petitioned this court for review of the Board's decision.

We focus on Plaka's asylum claim because the standard for asylum claims is lower than the standard for withholding of removal claims. See Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 123 (1st Cir. 2003). Thus, if Plaka's asylum claim fails on the merits, so does his claim for withholding of removal. See id.

We review the Board's decision to determine if it is supported by substantial evidence. See DaSilva v. Ashcroft, 394 F.3d 1, 4 (1st Cir. 2005). In so doing, we accept the Board's factual findings and credibility determinations so long as they are supported by "reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). For the Board's fact-based determination that an asylum applicant does not qualify for relief to be vacated, the evidence must "point unerringly in the opposite direction." Laurent v. Ashcroft, 359 F.3d 59, 64 (1st Cir. 2004).

An asylum applicant must establish that he has suffered past persecution on one of several protected grounds (including political opinion) or has a well-founded fear of such persecution on account of one of these grounds. See Makhoul v. Ashcroft, 387 F.2d 75, 79 (1st Cir. 2004). To prove a well-founded fear of

-4-

future persecution, the applicant's subjective fear must be objectively reasonable. See Aguilar-Solis v. INS, 168 F.3d 565, 572 (1st Cir. 1999).

Plaka's argument concerning past persecution is controlled by Bocova v. Gonzales, 412 F.3d 257 (1st Cir. 2005). There, the Board ruled that an Albanian national had not been persecuted where he established that, because of his support for the Democratic Party, he had been twice arrested and once beaten by the police with a chain to the point of unconsciousness over an eight-year period. We affirmed the Board's ruling. While we neither condoned nor minimized the petitioner's treatment, we concluded that the infrequency of the events supported the Board's view that the petitioner had proven only "a series of isolated events" rather than the "systematic mistreatment" that is necessary to demonstrate past persecution. Id. at 263; see also Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000) (evidence of persecution "must rise above unpleasantness, harassment, and even basic suffering").

So too here. Over an eleven-year period, Plaka was arrested twice, hit with a rubber stick twice, beaten once, and threatened at infrequent intervals.[1] But there were large spans of

---

[1]The Board was reasonable in not counting the robbing of Plaka's store in its calculus. Plaka admitted that he did not know who robbed the store, and there was evidence that economic crime was rampant in Albania.

time during which Plaka was not subject to harassment. Accordingly, Plaka's testimony could reasonably be characterized as recounting isolated events of harassment, not systematic mistreatment. While a reasonable fact finder perhaps could have found differently, that is not the standard we apply. The evidence is not so one-sided that a reasonable factfinder would have to conclude that Plaka was persecuted on account of his political opinion, and therefore the Board's ruling must stand. See Bocova, 412 F.3d at 264.

We reach a similar conclusion concerning Plaka's fear of future persecution claim. Plaka relied on the incidents of harassment recounted above to claim a well-founded fear of future persecution. Evidence that is insufficient to constitute past persecution is, by itself, also insufficient to compel a finding of a well-founded fear of future persecution. Id. There was also evidence before the Board, in the form of a State Department Country Report, that there is no ongoing pattern of systematic mistreatment of Albanian citizens on account of their political opinion, and Plaka did not dispute this evidence. See Waweru v. Gonzales, 437 F.3d 199, 202 n.1 (1st Cir. 2006) ("The Board of Immigration Appeals is entitled to rely on the State Department's country report as proof of country conditions described therein, although it must consider evidence in the record that contradicts the State Department's descriptions and conclusions.").

-6-

Accordingly, the Board was reasonable in concluding that there was inadequate objective support for Plaka's claim that he feared persecution if he returned to Albania.

The petition for review is **denied**.